## HOVEY, *Ap't*, v. HOVEY.

The mere acceptance of a testamentary provision in her favor will not deprive a widow of dower in the estate of her deceased husband unless he so intended; but when it appears from the will itself, or by other competent evidence, that the provision was intended to be in lieu of dower, she must seasonably elect which she will take.

And if such intent does not appear, the enjoyment of the property devised to her for a period of more than nine years after the decease of her husband without claim to dower will estop her to deny an election to take under the will.

PROBATE APPEAL. Facts agreed. Isaac B. Hovey died testate January 10, 1872, leaving a widow (the appellee) and one child (the appellant) by a former wife. The material provisions of the will are as follows: "Second—I give, bequeath and devise to my beloved wife the use improvement and income of all my real estate, and all my stock and farming tools on my place, for and during the term of ten years from my decease, and all the wood she may need for her fire or fires during said ten years, and the right to sell enough wood from my estate to pay for cutting. I also give and bequeath to my said wife all my household furniture, excepting such articles as my son, Isaac R. Hovey, may request to receive which were the property of his late mother, and my said

wife may be pleased to deliver to him. I also give and bequeath to my said wife my bank stock and railroad stock, to wit : two shares in the Bay State Bank at Lawrence, Mass., one share in the Union Bank in Haverhill, Mass., and one share in the Boston & Maine Railroad ; to her, her heirs and assigns forever. Third— After paying my just debts and all the reasonable expenses of settling my estate and fulfilling the foregoing specifications of this my will, I give, bequeath and devise all the rest, residue and remainder of my estate to my son, Isaac R. Hovey, to him, his heirs and assigns forever."

The will was duly proved in January, 1872, and letters testamentary issued to the executor named therein. By the inventory filed the next month, it appears that the decedent left real estate appraised at $4,042, and personal property scheduled at $1,536. Of this latter sum $616.37 was made up of the stocks and furniture mentioned in the will.

The appellee has had the possession, use, and income of all the testator's real estate since his death, and has received from said executor the personal property bequeathed her. June 15, 1881, upon her petition it was decreed by the probate court that dower be assigned to her. From that decree this appeal was taken.

*Marston & Eastman*, for the appellant. 1. The intention of the testator determines whether or not the widow shall have dower in addition to the provisions of the will. *Brown* v. *Brown*, 55 N. H. 106. In the case at bar, it is very manifest that the testator intended that the provisions in his will, respecting his wife, should be in lieu of her dower. By the will the wife gets, substantially, all the personal property. She then has the exclusive use and control of all the real estate for ten years, and the total income of the real estate for that time is worth at least $2,000, or $200 per annum. The wife's dower-right would therefore be worth $67 per year, so that by the will the wife gets in ten years what would be equal to her dower-right for thirty years. We submit, therefore, that the testator, after giving his wife an estate in his land, which in all probability far exceeds the value of her dower, could not have intended or expected she was to have dower in addition thereto. Moreover, upon the facts in this case, the widow is not entitled to dower, as the following authorities plainly show : *Arnold* v. *Kempstead*, Amb. 466 ; *Villareal* v. *Galway*, Amb. 682 ; *Parker* v. *Sowerby*, 4 DeG. M. & G. 321 ; *Dodge* v. *Dodge*, 31 Barb. 413 ; *Chalmers* v. *Storil*, 2 V. & B. 222; *Roadley* v. *Dixon*, 3 Russ. 192 ; *Butcher* v. *Kemp*, 5 Madd. 45 ; *Miall* v. *Brain*, 4 Madd. 68 ; *Hall* v. *Hill*, 1 Dr. & War. 94 ; *Dixon* v. *McCue*, 14 Grat. 540 ; 1 Leading Cases in Eq. 298. 2. The widow, having received the personal property and occupied the real estate under the will, must now be deemed to have accepted its provisions. *Reed* v. *Dickerman*, 12 Pick. 146, 149 ; *Delay* v. *Vinal*, 1 Met. 57.

*Wiggin & Fuller*, for the appellee.   "It is the common by-word in the law that the law favoreth three things, life, liberty, and dower." This right of dower the husband did not give and could not take away. The acceptance of a testamentary provision in her favor cannot deprive the widow of her dower, unless the testator has either expressly or by necessary implication declared such provision to be in lieu of dower. Merely leaving it doubtful whether he intended her to have both dower and the provision given her by the will is not enough. To deprive her of dower, the will must contain some provision totally inconsistent with her claim of dower, so that her claim, if allowed, would remove from the operation of the will some property which the testator has undertaken to devise free from her dower right. Of course, so long as the widow was entitled to the whole real estate, the question of dower was wholly immaterial; and the subsequent limitation to his son is perfectly consistent with an intention that the son should take the estate just as any other grantee of the husband must have taken it, subject to the rights which the law had given the widow. A devise of lands to a devisee beneficially is *prima facie* a devise of the land subject to its legal incidents, including dower. *Brown* v. *Brown*, 55 N. H. 106; *Ellis* v. *Lewis*, 3 Hare 310; *Church* v. *Bull*, 2 Denio 430; *Fuller* v. *Yates*, 8 Paige 325; *Wood* v. *Wood*, 5 *ib.* 601; *Parker* v. *Sowerby*, 4 DeG., M. & G. 321; *French* v. *Davies*, 2 Ves. Jr. 572; *Adsit* v. *Adsit*, 2 Johns Ch. 448, per *Kent*, Ch.; *Smith* v. *Kniskern*, 4 *ib.* 10: *Strahan* v. *Sutton*, 3 Ves. 249; 1 Washb. R. P. 324; 2 Redf. Wills 738.

BLODGETT, J. While, by the common law, dower was so highly rated in the catalogue of social rights as to be placed in the scale of importance with liberty and life (Park Dow. 2, 1 Scrib. Dow. 21), and although favor has always been bestowed upon this ancient and humane provision for the sustenance of the widow and the nurture and education of her children, yet if by the will of her husband "something is offered to her instead of dower, and the alternative is fairly presented to her mind, she will be bound by her choice, and her acceptance of such other thing is rightly held to be a surrender and release of her alternative right of dower." *Ladd*, J., in *Brown* v. *Brown*, 55 N. H. 107. Nevertheless, the mere acceptance of a testamentary provision in her favor will not deprive a widow of dower in the estate of her deceased husband unless he so intended; but when the intent appears from the will itself, or it is proved by other competent evidence that the provision was intended to be in lieu of dower, she must elect which she will take.

From an examination of this will, in connection with the statement of facts, we are of opinion that the bequests to the appellee were intended by the testator to be in satisfaction of her right of dower in his estate, and that enough appears in the will

itself to put her to an election; and we are also of opinion that the fact that she acted under the will, and had the use and benefit of all the real estate, as well as the farming tools and stock thereon, for more than nine years before making any claim to dower, is sufficient to estop her now to deny an election to take under the will. Her conduct in thus receiving and enjoying for so long a period the valuable and profitable gifts conferred by the will, and to which she was not otherwise entitled, may well be regarded as an election to abide by the will, which precludes her from claiming dower; and to hold differently would be to give her an unconscionable advantage, which no rule of law or equity can sanction. See *Brad-fords* v. *Kents*, 43 Pa. St. 474; *Craig* v. *Walthall*, 14 Grat. 518; *Stark* v. *Hunton*, 1 N. J. Eq. 216; *Thompson* v. *Hoop*, 6 Ohio St. 480; Big. Estoppel (2d ed.) 503. The appeal is sustained.

*Degree of probate court reversed.*

All concurred.